**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF
AMERICA,

      Plaintiff,

v.

DARRYL J. MADISON,
MALIK F. EUGENE, et al.,

      Defendants.

Case No. 8:25-cv-116-KKM-SPF

## **ORDER**

The United States moves for default judgment and entry of a permanent injunction against Darryl Madison, (Doc. 95), as well as to hold Madison Tax Services in contempt, (Doc. 96). The United States Magistrate Judge entered a Report and Recommendation, recommending that the motion for default judgment be granted and that the contempt motion be granted in part and denied in part. R. & R. (Doc. 107). Darryl Madison, proceeding pro se, filed a timely objection.[1] Obj. (Doc. 111). Considering the record, the Court reserves ruling on the Report and Recommendation and requests supplemental briefing

---

[1] Madison purported to file a second objection on May 27, 2026. *See* (Doc. 112). That objection is untimely, as it was filed beyond the time permitted by 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 6(d) and 72(b)(2).

from the United States on the propriety of entering default judgment against only a subset of defendants before a final adjudication as to the remaining defendants.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even absent an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Before addressing Madison's objection, I note a threshold issue. The Report and Recommendation recommends granting default judgment against Darryl Madison—who must disgorge ill-gotten gains and face a permanent injunction—and his tax preparation business, Madison Tax Services. *See* R. & R. at 14–15. At the same time, defendants Malik Eugene, Yvette Madison, and Marlesa Brown are not in default and the government's claims against them remain pending. *See id.* at 2 n.1 (explaining that "none of these individuals are subject to the United States' instant motions").

2

Ordinarily, in cases involving multiple defendants, a judgment should not be entered against a defaulted party alleged to be jointly liable until the matter has been adjudicated with respect to all defendants. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). Further, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Id.*; *see Drill S., Inc. v. Int'l Fid. Ins. Co.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) ("*Frow* has been interpreted to apply only when there is a risk of inconsistent adjudications.").

Although the government details allegations against Madison and Madison Tax Services related to the preparation of specific tax returns, *see* Compl. (Doc. 1) ¶¶ 11–31, 121–164, the relief sought appears to apply equally to all defendants, *see id.* ¶ 258 (requesting that the Court "[f]ind that *the Defendants* repeatedly and continually engaged in conduct subject to penalty under [the Internal Revenue Code]" and "[e]nter a permanent injunction prohibiting *the Defendants . . .* from directly or indirectly" performing various tax preparation activities) (emphasis added). Thus, despite the defaulted defendants' troubling litigation conduct, *see* R. & R. at 3–7 (detailing noncompliance with multiple court orders), all defendants still appear

3

"similarly situated" for liability purposes based on the allegations in the complaint, *see Gulf Coast Fans*, 740 F.2d at 1512.

Before the Court will consider the Report and Recommendation and Madison's objection, the government is therefore directed to explain why the Court should deviate from the "preferred practice . . . to withhold granting a default judgment until [resolution] of the action on the merits against the remaining defendants." *Essex Ins. Co. v. Moore*, No. 6:11-cv-515-Orl-19KRS, 2011 WL 3235685, at *1 (M.D. Fla. July 28, 2011).

Accordingly, it is **ORDERED**:

1.  The Court **RESERVES RULING** on the Magistrate Judge's Report and Recommendation (Doc. 107), Darryl Madison's Objection (Doc. 111), and the United States' Motion for Default Judgment (Doc. 95) and Motion to Hold Madison Tax Services in Contempt (Doc. 96).

2.  No later than **June 15, 2026**, and in a brief not to exceed ten pages, the United States is directed to address whether entry of default judgment is presently appropriate as against only a subset of the defendants in this action.

3.  No later than **June 15, 2026**, and in a brief not to exceed ten pages, Defendant Darryl Madison is permitted to address the above question.

5

**ORDERED** in Tampa, Florida, on June 1, 2026.

Kathryn Kimball Mizelle
United States District Judge

5