**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF
AMERICA,

      Plaintiff,

v.

DARRYL J. MADISON,
MALIK F. EUGENE, et al.,

      Defendants.

Case No. 8:25-cv-116-KKM-SPF

## ORDER

The United States moves for default judgment and entry of a permanent injunction against Darryl Madison, (Doc. 95), as well as to hold Madison Tax Services in contempt, (Doc. 96). The United States Magistrate Judge entered a Report and Recommendation, recommending that the motion for default judgment be granted and that the contempt motion be granted in part. *See* R. & R. (Doc. 107). Specifically, the Magistrate Judge recommends that default judgment be entered against both defendants under Federal Rule of Civil Procedure 37(b)(2) for their violation of the Court's discovery orders. *See* R. & R. at 9 n.10, 14–15.

Darryl Madison, proceeding pro se, files a timely objection,[1] Obj. (Doc. 111), to which the government responds, Resp. (Doc. 119). In addition, I requested supplemental briefing from the parties on the propriety of entering default judgment against only a subset of defendants before a final adjudication as to the remaining defendants. *See* Order (Doc. 118). After consideration of the record, I adopt the Report and Recommendation with modifications and grant the government's motions in part and deny them in part, without prejudice to refiling motions for default judgment.

## I.     LEGAL STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even absent an objection. *See Cooper-*

---

[1] Madison purported to file a second objection on May 27, 2026. *See* 2d Obj. (Doc. 112). That objection is untimely, as it was filed beyond the time permitted by 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 6(d) and 72(b)(2). In any event, the belated objection raises the same arguments as the timely objection, so I address them together.

Madison Tax Services is not actively represented by counsel and has not filed an objection. *See* (Doc. 109).

*Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994) (per curiam); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## II.    ANALYSIS

### A. Default Judgment

Before addressing Madison's objections, I turn to the threshold issue of default judgment against only a subset of the defendants.

Here, the Report and Recommendation recommends granting default judgment against Darryl Madison—who must disgorge ill-gotten gains and face a permanent injunction—and his tax preparation business, Madison Tax Services. *See* R. & R. at 14–15. At the same time, defendants Malik Eugene, Yvette Madison, and Marlesa Brown are not in default and the government's claims against them remain pending. *See id.* at 2 n.1 (explaining that "none of these individuals are subject to the United States' instant motions"). Ordinarily, in cases with multiple defendants, a judgment should not be entered against a defaulted party alleged to be jointly liable until the matter has been adjudicated with respect to all defendants. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). It is also "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not

3

be entered against a defaulting defendant if the other defendant prevails on the merits." *Id.*

As detailed before, even if the defendants here are not jointly liable, they appear "similarly situated" for liability purposes based on the allegations in the complaint. *See* Order at 3 (quoting *Gulf Coast Fans*, 740 F.2d at 1512). Nonetheless, the government responds that default judgment against Madison and Madison Tax Services remains proper because "[t]here is no risk of inconsistent adjudications" where the government "must establish its entitlement to a permanent injunction as to each individual Defendant." U.S. Supp. Br. (Doc. 120) at 2–3. In the alternative, the government asks me to "enter default against those Defendants and preclude them from participating further in this case, with default judgment to enter after the final adjudication on the merits against the other Defendants." *Id.* at 5–6 (citing *Frow*, 82 U.S. at 554). Madison responds that, because "[t]he Government seeks broad relief involving multiple defendants," the entry of default judgment must await a final resolution of all claims. *See* Madison Supp. Br. (Doc. 123) at 2. Although Madison is correct that the government "seeks the same broad types of relief . . . for each Defendant," U.S. Supp. Br. at 4, the dispositive issue here is that the defendants' allegedly fraudulently conduct is difficult, if not impossible, to disentangle.

4

To the government's credit, "*Frow* has been interpreted to apply only when there is a risk of inconsistent adjudications." *Drill S., Inc. v. Int'l Fid. Ins. Co.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) (per curiam) (citing *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1257–58 (7th Cir. 1980)). Thus, "when different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking." *Uranium Antitrust Litigation*, 617 F.2d at 1257–58; *see Drill S.*, 234 F.3d at 1237 n.8 (concluding that there was no risk of inconsistent adjudications, and thus *Frow* did not apply, where the remaining defendant would be "conclusively bound by the default judgment entered against its principal").

But the risk of inconsistent adjudications remains in this case. The relevant provisions of the Internal Revenue Code, 26 U.S.C. §§ 7407(b) and 7408(b), require a court to find that "a tax preparer" or "the person" has engaged in certain prohibited conduct. Those findings must be specific as to each named defendant, even if the eventual character of injunctive relief looks similar. *See United States v. Simon*, 824 F. App'x 986, 989 (11th Cir. 2020) (per curiam) (explaining that to issue an injunction under Section 7407, the government must prove that the defendant is a tax preparer, committed proscribed conduct, and that an injunction is appropriate to prevent recurrence of such conduct by the defendant). But the structure of the government's allegations makes it difficult to find that certain defendants violated the IRC

while others did not. For example, the government alleges that specific customers "spoke with Darryl Madison to prepare their 2021 joint return," which "Eugene signed" with "Madison Tax Services [as] the preparation firm identified on the return." Compl. (Doc. 1) ¶ 172; *see id.* ¶¶ 191–201 (leveling similarly intertwined allegations against Yvette Madison). Thus, despite their refusal to participate in the litigation process, entering default judgment and injunctive relief against Madison and Madison Tax Services risks inconsistent judgments should the remaining defendants prevail on the merits.[2]

For the same reasons, disgorgement of ill-gotten gains proves problematic for the government's position. The government contends that the amount to be disgorged "is necessarily tied to an approximation of gains each defendant individually received," U.S. Supp. Br. at 3, of which it "need only produce a reasonable approximation,"[3] *United States v. Stinson*, 729 F. App'x

---

[2] This conclusion is not altered by the parties' representation that the remaining defendants no longer work for Madison Tax Services. *See* U.S. Supp. Br. at 3. (noting that "Malik Eugene, Yvette Madison, and Marlesa Brown—left Madison Tax Services, stopped working for Darryl Madison, and started working for Eugene Tax Services"); *accord* Madison Supp. Br. at 2. While that might shape the scope of equitable relief, it does nothing to change the core allegation the government must prove: that "[f]or tax years 2019 through 2022," in which the defendants worked together, "*the Defendants* claimed thousands of dollars in false or inflated Schedule A deductions for their customers, resulting in significant tax harm." Compl. ¶ 78 (emphasis added).

[3] Although the complaint is silent on this point, in other actions under Section 7402, the government has requested (and courts have ordered) that defendants be held jointly and severally liable for disgorgement. *See, e.g.*, *United States v. Williams*, No. 6:21-CV-63-CEM-EJK, 2022 WL 1619525, at *1 (M.D. Fla. Mar. 4, 2022) (ordering

891, 899 (11th Cir. 2018). Even so, the government must still prove that each defendant's gains were in fact ill-gotten, because the court's power to award disgorgement "extends only to the amount the defendant profited from his wrongdoing," *Stinson*, 729 F. App'x at 899. And, as explained above, the government's allegations suggest that, if one defendant's gains were wrongful, so too were the remaining defendants' gains. *See* Compl. ¶ 254 ("The Defendants have unjustly profited at the expense of the United States by subtracting their tax preparation fees from those bogus refunds."). That alone precludes entry of a partial judgment.

To avoid this result, the government avers that "[t]he non-defaulted Defendants are free to argue—and expected to argue—that any wrongdoing at Madison Tax Services was the fault of Darryl Madison and not anything they did." U.S. Supp. Br. at 3. Fair enough. But that possibility only decreases the "risk of inconsistent adjudications," it does not eliminate the risk altogether. *See Drill S.*, 234 F.3d at 1237 n.8. Because the remaining defendants could defeat liability based on other theories of defense, including those available to

---

disgorgement against individual tax preparers and limited liability companies "jointly and severally"); *but see Liu v. SEC*, 591 U.S. 71, 101 (2020) (Thomas, J., dissenting) ("The joint and several order [of disgorgement] in this case is . . . at odds with traditional equitable rules" against such liability); *Sripetch v. SEC*, 146 S. Ct. 1403, 1413 (2026) (Thomas, J., concurring) ("In a future case, we should recognize that disgorgement is now a legal remedy for which the Seventh Amendment requires a jury trial.").

Madison and Madison Tax Services, the possibility of "incongruous" judgments counsels against awarding default judgment at this stage. *See id.*

That said, the government's alternative proposal—an entry of default against Madison and Madison Tax Services—strikes the correct balance. On this score, I agree with the Magistrate Judge that "[t]he record establishes that Defendants willfully failed to comply with the United States' discovery requests despite multiple extensions of time, failed to respond to the United States' motion to compel, failed to maintain contact with counsel, and failed to comply with multiple Court orders." R. & R. at 8. Absent *Frow*, such conduct warrants default judgment under Rule 37(b)(2)(A). But *Frow* applies. In that case, a court should "simply . . . enter a default and a formal decree *pro confesso* against [the defaulting defendant], and proceed with the cause upon the answers of the other defendants." 82 U.S. at 554. The defaulted defendants "can adduce no evidence, [and] cannot be heard at the final hearing." *Id.*; *see Applya Corp. v. TBG Tech Co. LLC*, No. 23-CV-21290, 2025 WL 40821, at *1 (S.D. Fla. Jan. 7, 2025) (adopting a report and recommendation concluding that *Frow* prohibited default judgment and ordering that the defendant "shall remain in default and be precluded from asserting any defenses for its repeated failure to retain counsel"). Accordingly, default, but not default judgment, shall be entered against Madison and Madison Tax Services.

8

### B. Darryl Madison's Objections

Because the half-measure of entering default against Madison relies on his same litigation conduct that drove the Magistrate Judge's Rule 37 default judgment recommendation, I still address Madison's objections to the report and recommendation. Each objection fails.

First, Madison argues that the government mailed "substantial notices and assessments" to "outdated addresses," thereby "materially affect[ing] [his] ability to" contest the assessments or seek administrative review. Obj. at 1. This objection is wholly unrelated to the Magistrate Judge's conclusion that "Madison continues with business-as-usual and has filed hundreds of client tax returns during the pendency of the instant motions all while ignoring Defendants' discovery obligations and the Court's directives," including a directive to appear at a show cause hearing. R. & R. at 6, 8. Rather, the IRS previously "assessed penalties against Madison under 26 U.S.C. § 6694(b) for his willful or reckless conduct in preparing tax returns in 2015, 2016, and 2017." (Doc. 97) at 26 (citing Compl. ¶ 26). "The government does not seek to reassess penalties against Madison for those tax years or to collect them through the present action," *id.*, and thus Madison's objection does not preclude an entry of default based on his conduct in this litigation.

Second, Madison protests that he "attended mediation proceedings, proposed compliance-based resolution alternatives, responded to

9

governmental inquiries . . . and participated in discussions concerning possible resolution of the matter." Obj. at 2. It is unclear whether Madison is addressing the present enforcement action or prior IRS investigations. In any event, Madison provides no support for his claim that he participated in discovery, a claim which the government contends "is false." Resp. to Obj. (Doc. 119) at 2. Madison had an opportunity to explain his noncompliance with the Court's discovery orders, yet he failed to appear at the show cause hearing. *See* R. & R. at 6. Madison therefore fails to persuade this Court that his actions are "inconsistent with any characterization that [he] abandoned the proceedings or intentionally refused cooperation." Obj. at 2.

Third, Madison objects that "substantial factual disputes remain unresolved concerning," among other things, "software interpretation," "disputed deductions," and his "alleged business practices." Obj. at 3. Again, if Madison wished to contest the government's allegations on the merits, he was obligated to participate in discovery and comply with court orders. *See* R. & R. at 8 (explaining that Madison was "expressly warned about the possibility of default judgment as a sanction on multiple occasions"). By defaulting through willful noncompliance with this Court's orders, Madison is deemed to admit the government's well-pleaded allegations of fact. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). No "factual disputes remain unresolved" as against Madison. Obj. at 2.

Fourth, Madison avers that he has not received "complete disclosure" regarding the government's investigation and witness interviews. *See id.* Madison provides no specifics, and his complaint rings hollow in the face of his own failure to produce discovery in this matter.

Finally, Madison objects that the government's requested injunctive and monetary relief "is excessive and disproportionate," and that "less restrictive alternatives" exist. Obj. at 3; *see* 2d. Obj at 3 (arguing that "the reputational damage resulting from public allegations and widespread dissemination of disputed accusations has already caused severe economic and personal consequences"). Although I have reasons to doubt Madison's arguments against the proposed scope of relief, I recognize that these specific objections are premature in the light of my conclusion that *Frow* prevents entry of default judgment until the resolution of claims against the remaining parties.

## III. CONCLUSION

Entry of default judgment against Darryl Madison and Madison Tax Services risks inconsistent judgments so long as the government's claims remain pending against defendants Malik Eugene, Yvette Madison, and Marlesa Brown. I therefore modify the Report to grant the government's motions in part and to direct the entry of default—but not default judgment—against Madison and Madison Tax Services. Upon final adjudication of its claims against Eugene, Yvette Madison, and Brown, the government may

11

move for default judgment against Darryl Madison and Madison Tax Services under Federal Rule of Civil Procedure 37(b)(2).

Accordingly, it is **ORDERED**:

1.    The Magistrate Judge's Report and Recommendation (Doc. 107) is **ADOPTED with modifications** as described above and made a part of this Order for all purposes.

2.    Darryl Madison's Objections (Docs. 111, 112) are **OVERRULED**.

3.    The United States' Motion for Default Judgment (Doc. 95) and Motion to Hold Madison Tax Services in Contempt (Doc. 96) are **GRANTED IN PART AND DENIED IN PART**.

4.    The clerk is directed to enter default against Defendants Darryl J. Madison and Madison & Sons Enterprises, d/b/a Madison Tax Services.

5.    This Order is entered without prejudice to the United States moving for default judgment against Darryl Madison and Madison Tax Services at an appropriate time.

**ORDERED** in Tampa, Florida, on June 22, 2026.

Kathryn Kimball Mizelle
United States District Judge

12