**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,  )
                                          )

     Plaintiff,  )

                                         )

     v.  )     Case No. 8:25-cv-116-KKM-SPF

                                       )

DARRYL J. MADISON, et al.,  )

                                       )

     Defendants.  )
_____)

## UNITED STATES' REPLY IN SUPPORT OF MOTION FOR SANCTIONS

In their response, Defendants do not argue they complied with the Court's September 9, 2025 Order compelling the production of documents, nor do they argue that they lacked the ability to comply. (*See generally* ECF No. 134). Indeed, Defendants do not argue they should be spared sanctions. (*Id.*). Rather, they submit only that, "[g]iven defendants' post-motion for sanctions productions, and agreement to provide supplemental depositions, they submit that the appropriate sanction is . . . to prevent the defendants from introducing, either in support or in opposition to a dispositive motion, or as a trial exhibit, any document that has not been produced as of [July 6, 2026]." (*Id.* at 4 (citing Fed. R. Civ. P. 37(c)(A)(ii))). The United States respectfully submits that this sanction is too light to remedy the prejudice caused by Defendants' continued refusal to make a complete production of documents for over a year and through the close of discovery.

## I.    SUMMARY OF FACTUAL DEVELOPMENTS

After the United States filed its Motion for Sanctions,[1] Defendants Malik Eugene and Marlesa Brown (but not Yvette Madison) produced documents on May 28, 2026, which was then the last day of discovery. The productions from Eugene and Brown consisted of two large .pdf documents totaling approximately 2,503 pages (2,266 pages from Eugene and 236 pages from Brown). Given that the discovery was due to end the day the documents were produced, the United States moved to extend the deadline "so that the United States may evaluate Defendants' discovery responses and seek further discovery, including through potentially seeking to reopen the depositions [of Defendants Eugene and Brown]." (ECF No. 114). The United States immediately began reviewing the productions for completeness.

After completing a review of all the documents Eugene and Brown produced on May 28, 2026, the United States sent defense counsel a letter, dated June 17, 2026, outlining concerns regarding Defendants' productions. (Ex. A, June 17, 2026, Letter to Counsel). Among other things (discussed further below), the letter noted that neither Eugene nor Brown had served written responses to the document requests or a privilege log. The letter further noted that Yvette Madison had not produced anything at

---

[1] As the United States noted in its initial brief, (ECF No. 113 at 6–7 n.2), Defendants failed to fully produce for over seven months after the Court's Order despite the United States' repeated attempts to obtain a complete production. After Defendants blew through multiple extensions, the United States gave a final, hard deadline of 5:00 p.m. Eastern Time on May 27, 2026, for the documents to be produced. When that deadline passed with no productions, the United States was forced to move for sanctions.

all.

The United States re-deposed Eugene and Brown by agreement on June 25 and 26.[2] On Thursday, June 25, 2026, four days before the discovery deadline, Yvette Madsion made her first and only production of documents, over a year after her production was first due. Madison, through counsel, states she produced "ten pages of documents consisting of the tax documents for four customers of Eugene Tax Services," (ECF No. 134, Defs.' Resp. at 3).[3] Yet by her own estimation, Ms. Madison prepared returns for "About 75, 80" customers just this past tax season. (ECF No. 113-3, Yvette Madison Dep. at 75:1–8). Ms. Madison's production consisted mostly of W-2s, Forms 1098, and pictures of drivers' licenses for select customers. She did not produce tax-preparation related correspondence such as emails or text messages, even though she testified that customers text her and email her information for the tax returns she prepares. (*Id.* at 13:17–14:15).

On June 29, 2026, discovery closed. To date, Defendants have failed to fully comply with the Court's September 9, 2025 Order compelling the production of documents, as further explained below.

---

[2] Defendants suggest that their agreement to sit for supplemental depositions weighs against further sanctions. (*See* ECF No. 134 at 4). But Defendants bear responsibility for the necessity of the supplemental depositions. If Defendants had fully complied with the Court's Order—issued in September 2025—compelling the production of documents, the United States would have been able to inquire about such documents at the original depositions.

[3] In the United States' review of Madison's productions, it appears that documents were produced for eight customers, which would be about ten percent of the customers she admits she prepared returns for in the past year alone.

## II. ARGUMENT

### A. Malik Eugene

The United States' June 17, 2026 letter highlighted five specific (and non-exhaustive) ways in which Eugene's supplemental productions failed to bring him into full compliance with the Court's Order:

- Mr. Eugene testified he had a copy of a "letter [related to Madison Tax Services] from the IRS and the investigation department" sent around 2021. (ECF No. 113-2, Eugene Dep. at 20:21–21:10). That letter is responsive to document request number 21, which requested: "All . . . letters . . . between you and any owner, manager, or employee of you, Madison Tax Services, or Eugene Tax Services regarding this lawsuit *or any other federal or state investigation* into you, Madison Tax Services, or Eugene Tax Services." (Eugene RFPs (emphasis added)). It was not produced.

- The United States requested all of Mr. Eugene's tax preparation-related correspondence, (*see* Eugene RFPs No. 13, 20–26, 35). Mr. Eugene testified to using two emails for his work at Eugene Tax Services, one of which was MEugene@Eugenetaxser.com. (Eugene Dep. at 78:8-78:10). However, in my review of Mr. Eugene's productions, I was not able to locate a single email sent from that email address.

- Similarly, correspondence was produced that shows at least one tax preparation-related email was sent from admin@eugenetaxser.com to mfeugene36@gmail.com. Despite the fact that mfeugene36@gmail.com was apparently used in at least some instances for correspondence related to tax preparation, (Eugene 019024; MEugene0554), I could not locate any other emails from mfeugene36@gmail.com in Mr. Eugene's productions.

- Mr. Eugene also testified that Eugene Tax Services has Facebook and Instagram and that customers sometimes contact him through WhatsApp messages. (Eugene Dep. at 163:14–164:19). The United States specifically requested "text messages, social media messages (such as through Facebook and Twitter), and electronic messages (such as through WhatsApp or any other electronic

4

communication platform)" related to tax preparation. (*See, e.g.*, Eugene RFPs Nos. 13, 20–26). No such messages were produced.

- The United States requested: "All documents showing the ordinary and necessary expenses that you incurred in connection with preparing or filing tax returns or owning or operating a tax preparation business." (Eugene RFPs No. 52). Your client testified that he "do[es] pay" such expenses and "can produce" documents showing them. (Eugene Dep. at 166:16–167:3). However, he did not produce any documents showing the ordinary and necessary expenses he incurred in connection with owning or operating Eugene Tax Services.

(Ex. A, June 17, 2026, Letter to Counsel). Over a month after that letter was sent, none of these deficiencies have been cured. Indeed, when asked at his second deposition whether he produced correspondence from the MEugene@eugenetaxser.com (second bullet point above), Eugene admitted that such tax-preparation related correspondence existed but did not claim he produced it. (Ex. B, Second Eugene Dep. at 23:20–24:6). Instead, he claimed he "did the best that I could with that time frame that I was told that I had." (*Id.* at 24:7–11). But Eugene's production occurred on May 28, 2026— more than a year after discovery responses were due and eight months after the Court ordered his production of documents. Eugene's failure to produce a complete production is inexcusable.

Even now—a year and two months after Eugene's responses were first due, a month after the June 17, 2026 Letter specifically describing the deficiencies, and with discovery closed—Eugene has yet to make a full and complete production. Under these circumstances, the United States requests that the Court enter appropriate

sanctions, (*see infra*, Conclusion), to compensate the United States for prejudice suffered as a result of his contempt.

### B.     Yvette Madison

The arguments made in the United States' initial brief in support of sanctions against Yvette Madison apply with equal force now. Unlike the other two Defendants, Ms. Madison did not make a production on May 28, 2026. Rather, Ms. Madison waited until June 25, 2026—on the verge of the close of discovery. Even then, Ms. Madison produced a select handful of documents for a few customers. She did not produce a single text or email, despite admitting that she corresponded with customers my text and email. This final-hour production—her first in this litigation—falls far short of fully complying with Ms. Madison's discovery obligations and this Court's Order. Accordingly, the United States requests that the Court impose appropriate sanctions, (*see infra*, Conclusion).

### C.     Marlesa Brown

The United States' June 17, 2026 Letter to Counsel provided three discrete reasons to doubt that Brown's productions (the first she has made in this litigation) were complete. Indeed, in her deposition, Brown confirmed that there may be responsive documents kept at Eugene Tax Service's office which she has access to but did not produce. (Ex. C, Second Brown Dep. at 197:22–199:18). Accordingly, the United States requests that the Court impose appropriate sanctions (*see infra*, Conclusion).

## CONCLUSION

The United States respectfully requests that the Court enter appropriate sanctions. (*See* ECF No. 113 at 12–13). Specifically, as to Malik Eugene and Yvette Madison, the United States requests that the Court find the following facts "taken as established for the purposes of th[is] actions, as [the United States] claims." Fed. R. Civ. P. 37(b)(2)(A)(i).

1. No correspondence shows that Malik Eugene asked for or received documents or information substantiating the expenses claimed, including expenses reported on Forms Schedule A and Forms Schedule C, on tax returns Mr. Eugene prepared for compensation for tax years 2020–2025.

2. No correspondence shows that Yvette Madison asked for or received documents or information substantiating the expenses claimed, including expenses reported on Forms Schedule A and Forms Schedule C, on tax returns Ms. Madison prepared for compensation for tax years 2020–2025.

3. No correspondence shows that Marlesa Brown asked for or received documents or information substantiating the expenses claimed, including expenses reported on Forms Schedule A and Forms Schedule C, on tax returns Ms. Brown prepared for compensation for tax years 2020–2025.

(ECF No. 113 at 12).[4] In the alternative, the United States requests the Court draw an adverse inference from the Defendants' failure to make a complete production that their correspondence would have been unfavorable to them. (ECF No. 113 at 12–13).

---

[4] Before the supplemental deposition of Brown, the United States offered to partially withdraw the Motion for Sanctions as to her in exchange for a stipulation that Brown cannot rely on or use any documents not already produced. (Ex. A). However, Brown did not agree to that stipulation, and the United States has since learned through deposing her that she indeed failed to produce responsive documents.

Dated: July 20, 2026

Respectfully submitted,

*/s/ Parker Kempin*
PARKER KEMPIN
Trial Attorney, Civil Division
U.S. Department of Justice
Tax Litigation Branch
P.O. Box 7238, Ben Franklin Stn.
Washington, D.C.  20044
202-307-6436 (p-Kempin)
202-514-6770 (f)

**<u>CERTIFICATE OF COMPLIANCE</u>**

I certify pursuant to Local Rule 1.08(a), that this document is typed using 13-point Calisto MT font and is double-spaced with one-inch margins.

<div style="margin-left:45%">

*/s/ Parker Kempin*
PARKER KEMPIN
Trial Attorney, Tax Litigation Branch
U.S. Department of Justice, Civil Division

</div>

# CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, I filed the foregoing document through the Court's CM/ECF system, which served a copy on registered users, including counsel for Madison Tax Services, Malik Eugene, Yvette Madison, and Marlesa Brown.[5]

> */s/ Parker Kempin*
> PARKER KEMPIN
> Trial Attorney, Tax Litigation Branch
> U.S. Department of Justice, Civil Division

---

[5] Defendants Darryl J. Madison and Madison Tax Services have been defaulted. (ECF No. 131). Accordingly, they are "not . . . entitled to service of notices in the cause, nor [can they] appear in it in any way." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).