**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:25-cv-116-KKM-SPF |
| | ) | |
| DARRYL J. MADISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**UNITED STATES' SECOND UNOPPOSED MOTION TO EXTEND THE
DISPOSITIVE MOTION DEADLINE**

The United States respectfully moves for an Order amending the Second Amended Case Management and Scheduling Order (*See* ECF Nos. 130) to extend the deadline to file dispositive motions by 30 days (until September 2, 2026).

1.      The United States filed this action on January 15, 2025, seeking permanent injunctions against all the Defendants for the false or fraudulent tax preparation services and the equitable disgorgement of their related ill-gotten gains. (ECF No. 1).

2.      The dispositive motion was most recently amended on June 23, 2026. (ECF No. 130). The current dispositive motion deadline is August 3, 2026. Trial in this matter is currently set for the April 2027 term.

3.      Good cause exists for an additional 30 day extension of the dispositive motion deadline.

1

4.    First, throughout the case, Defendants have failed to fully comply with their discovery obligations and this Court's orders. As a result, the United States was forced to move for sanctions. (ECF No. 113). The sanctions motion requests, among other things, that the Court impose as a sanction a finding that certain facts are true or, in the alternative, draw an adverse inference at summary judgment or in a future bench trial on the merits. (ECF No. 113 at 12–13). That sanctions motion is now fully briefed and ripe for the Court's decision, which could narrow the issues contested in the parties' dispositive motions.

5.    Second, despite diligent efforts to meet the existing deadlines, the undersigned requires additional time to prepare a dispositive motion in light of obligations in other cases—particularly after co-counsel withdrew. (*See* ECF No. 115).

6.    Accordingly, the United States respectfully requests the Court extend the dispositive motion deadline by 30 days (September 2, 2026).

## Local Rule 3.01(g) Certification

Counsel for the United States discussed the relief sought in this motion with counsel for Malik Eugene, Yvette Madison, and Marlesa Brown on July 28, 2026. They do not oppose the relief requested.

2

Dated: July 28, 2026             Respectfully submitted,

                                 /s/ *Parker Kempin*
                                 PARKER KEMPIN
                                 Trial Attorney, Civil Division
                                 U.S. Department of Justice
                                 Tax Litigation Branch
                                 P.O. Box 7238, Ben Franklin Stn.
                                 Washington, D.C.  20044
                                 202-307-6436 (p-Kempin)
                                 202-514-6770 (f)

3

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify pursuant to Local Rule 1.08(a), that this document is typed using 13-point Calisto MT font and is double-spaced with one-inch margins.

*/s/ Parker Kempin*
PARKER KEMPIN
Trial Attorney, Tax Litigation Branch
U.S. Department of Justice, Civil Division

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2026, I filed the foregoing document through the Court's CM/ECF system, which served a copy on registered users, including counsel for Madison Tax Services, Malik Eugene, Yvette Madison, and Marlesa Brown.[1]

>
> */s/ Parker Kempin*
> PARKER KEMPIN
> Trial Attorney, Tax Litigation Branch
> U.S. Department of Justice, Civil Division

---

[1] Defendants Darryl J. Madison and Madison Tax Services have been defaulted. (ECF No. 131). Accordingly, they are "not . . . entitled to service of notices in the cause, nor [can they] appear in it in any way." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).